John Fratus # V74577
P.O. Box 290066
Represa, CA 95671

**FILED**

JAN 13 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED   STATES   DISTRICT   COURT
EASTERN   DISTRICT   OF   CALIFORNIA

| | |
|---|---|
| John Fratus (Plaintiff) | CASE NO: |
| VS. | |
| Sergeant Mazyck, C.O. Porter, C.O. Telles, C.O. Wilson, C.O. Lay, C.O. Garland (Defendants) | **2:16 - CV - 76**   **EFB PC** |
| | Complaint for Monetary Damages Civil Rights Act, 42 U.S.C. § 1983 |

I   DO   HAVE   PREVIOUS   LAWSUITS

JURISDICTION

① This action is brought pursuant to 42 U.S.C § 1983.
Therefore jurisdiction is proper under 28 U.S.C. §§ 1331
and 1343

VENUE

② All of the events giving rise to the complaint and allegations
within this complaint took place in California State Prison
Sacramento ("CSP-SAC") in Sacramento County California.
Therefore venue is proper under 28 U.S.C. § 1391 (b)(2).

①

# INTRODUCTION

(3) This action seeks monetary damages pursuant to, and brought under, 42 U.S.C. §1983 against prison officials for violations of Plaintiff John Fratus rights to be free from cruel and unusual punishment as protected by the 8th Amendment of the U.S. Constitution as well as injunctive relief. Specifically at issue are Plaintiff John Fratus' rights to be free from the use of excessive force and to have personal safety. Plaintiff also complains about unlawful retaliation constituting cruel and unusual punishment. Plaintiff prays for damages and injunctive relief.

# PARTIES

(4) Plaintiff John Fratus is a 34 year old caucasian male who is an american citizen currently incarcerated by the California Department of Corrections ("CDC") at California State Prison - SACRAMENTO ("CSP-SAC) in Represa California. At all times mentioned in this complaint, Plaintiff was a prisoner within the CDC at CSP-SAC.

(5) At all times relevant to this complaint defendant Sergeant Mazyck was employed by the CDC and was a correctional sergeant at CSP-SAC who observed officers beat and assault plaintiff and failed to stop these assaults but allowed them to continue and then helped cover it up after and failed to report these assaults.

(6) At all times relevant to this complaint defendant Correctional Officer Telles was employed by the CDC as a C.O. at CSP-SAC ~~facility~~ and did assault Plaintiff.

(7) At all times relevant to this Complaint C.O. Porter was employed by the CDC as a Correctional officer at CSP-SAC and did assault Plaintiff.

(8) At all times relevant to this complaint C.O. Lay was employed by the CDC as a correctional officer at CSP-SAC and did assault plaintiff

(9) At all times relevant to this complaint C.O. Wilson was employed by the CDC as a Correctional officer at CSP-SAC and did assault Plaintiff.

(10) At all times relevant to this complaint C.O. Garland was employed by the CDC as a Correctional officer at CSP-SAC and did assault Plaintiff.

(11) Defendants California Department of Corrections (CDC) and/or Director of Corrections are sued in official capacity for injunctive relief.

## FACTS

(12) On 1·6·2014 I ~~[redacted]~~ John Fratus Plaintiff had a verbal confrontation with C.O. Telles due to being denied ability to utilize shave clippers and retaliation and mistreatment

(3)

Plaintiff had been experiencing ever since arriving at CSP-SAC on 10.24.2013.

(13) This 1.6.2014 confrontation between Plaintiff and officer Telles happened during exercise yard which is held in 12 foot solo locked in walk alone cages.

(14) Officer Telles is the yard officer who supervises inmates in the yard cages and is responsible for allowing inmates to utilize the hair clippers to shave.

(15) Plaintiff had been experiencing extreme retaliation ever since arriving at CSP-SAC and on this particular day officer Telles would not allow Plaintiff to utilize the hair trimmers to shave and groom himself.

(16) The confrontation between Plaintiff and C.O. Telles got pretty heated but before end of yard time Plaintiff apologized to C.O. Telles and told C.O. Telles "please don't give me a disciplinary report" and C.o. Telles then accepted Plaintiff's apology and said " I don't do disciplinary reports".

(17) After Plaintiff apologized to C.O. Telles Plaintiff asked "can he please shave tomorrow at yard?" and C.o. Telles accepted Plaintiff's apology and agreed to allow Plaintiff opportunity to shave first thing tomorrow.

(18) Plaintiff thought that was the "end" of it "no hard feelings" and thought it was "bygones bygones."

(19) The next morning 1·7·2014 Plaintiff was being escorted to yard by C.O. Porter who had previously been retaliating against Plaintiff 6 weeks prior in ▬▬▬▬ incidents of confrontations and retaliation.

(20) Plaintiff was unaware of any "grudges" C.O. Porter or other officers may have held against Plaintiff.

(21) When Plaintiff arrived at yard cage #10 the door was closed officer Telles grabbed Plaintiff's right upper arm while Porter proceeded to open the door so Plaintiff could enter. Plaintiff was handcuffed behind his back.

(22) Plaintiff wasn't aware that C.O. Telles still had a "grudge" from the day before 1·6·2014 previous confrontation.

(23) Suddenly without warning C.O. Telles punched Plaintiff in the back of the head a few times and stated to Plaintiff "You thought I was just gonna let you get away with that shit yesterday" and slammed Plaintiff flat down on the grass.

(24) C.O. Telles then sounded the emergency alarm and officers arrived and placed leg shackles on Plaintiff.

(25) While walking back to Plaintiff's building approx. 100 yards with shackles and cuffs on Plaintiff was joking with C.O.'s Porter and Wilson who were escorting Plaintiff. Plaintiff made remarks such as "my girlfriend hits harder than that" and "he punches like a bitch that didn't even hurt" and also was asking C.O. Porter "You're gonna let him get away with that?" "Are you gonna report it? You saw the whole thing he punched me for no reason!?"

(26) While being escorted back to his building there were other officers present such as C.O. Lay and Sergeant Mazyck and more and more officers were approaching Plaintiff as he got closer to building A3.

(27) When Plaintiff entered inside of building A3 Sergeant Mazyck was about 10 feet away and Plaintiff asked Sergeant Mazyck "Can I speak to you I been assaulted?" she had an attitude and said "NO" so Plaintiff said "Fuck you you're a dyke" and that was all Plaintiff wasn't "screaming" or "out of control" also Plaintiff did not get physically assaultive or resistive. Plaintiff stated this fairly calmly matter of factly. Plaintiff was completely not assaultive or resistive Plaintiff had handcuffs on behind his back and leg shackles on his ankles.

(28) When Plaintiff called Sergeant Mazyck a dyke officer Porter stated "hey don't talk to her like that" and slammed Plaintiff Face first into the wall with extreme force then all of a sudden plaintiff's legs were grabbed by his ankles and his legs were pulled out from underneath him and he was slammed face first into the ground. Plaintiff couldn't brace himself because he was handcuffed behind his back with shackles on his ankles. Plaintiff was knocked unconscious. officers Porter, Wilson, Layi and Garland began slamming and smashing plaintiff's face down on the ground and putting all their combined strength and body weight to crush plaintiff's face against the concrete floor. Plaintiff's face was in a puddle of blood!!! Plaintiff was going in and out of consciousness!!!

(29) the cuffs were extremely tight and the leg shackles were extremely tight as well. Plaintiff was completely chest flat/face flat on the floor with at least 5 officers all around assaulting "restraining" Plaintiff and/or watching on.

(30) Plaintiff was harmless and defenseless and helpless and layed completely still and limp and did not resist at all not even one percent. Plaintiff was stating "ouch ouch okay you're hurting me chill chill chill please all right that's enough I'm not resisting" and they were cursing plaintiff and calling Plaintiff "bitch" and saying "shut the fuck up!!!"

(31) they were continuously banging and smashing plaintiff's face down on the ground with such tremendous force and pressure that plaintiff was laying in a puddle of blood !!! And Plaintiff could feel himself being assaulted. Plaintiff could feel his face bones breaking and

(7)

cracking and shattering like glass!!! And still plaintiff kept pleading "please stop enough" and they were laughing and joking, stating "oh no oops we gotta clean up all this blood!!!"

32) They finally eventually picked plaintiff up and walked Plaintiff to the Rotunda approx. 10-15 feet. Plaintiff couldn't see his hat was pulled over his right eye and his left eye was severely damaged. Plaintiff was dazed. The shackles and cuffs were so tight it was cutting plaintiff's wrists and ankles. Plaintiff was trying not to "resist" or give them any "excuse" to brutalize him any further. They then just threw Plaintiff like a sack of potatoes and left him slumped up on the floor in the corner.

33) While plaintiff was laying on the floor Plaintiff kept stating "why yall keep doing this to me?" and "what did I do?" and "why yall keep picking on me?" and "I just arrived at this facility months ago. I was disciplinary free for 14 months I been on my best behavior I don't know why you people keep messing with me? I didn't do nothing to you?" "What did I do?"

34) plaintiff feels this mistreatment is retaliation due to plaintiff's history including filing grievances against officers and jailhouse lawyer litigator status because officers stated "ohh you like to file staff

8

Complaints against officers!!!"

(35) Officers at CSP-SAC made comments during this incident and prior to this incident that leads plaintiff to believe that this was retaliation such as "you like to file complaints against officers" and "that's what you get for filing complaints against officers you rat!!!"

(36) Plaintiff was then brought to be medically evaluated by Sergeant Mazyck and C.O. Benson in a wheelchair.

(37) Plaintiff was extremely dazed almost "knocked out" and was seeing blurred crooked vision.

(38) Plaintiff's face bone was severely fractured broken badly his left eye socket bone, nasal bone, left cheek bone, and when he tried to bite down he thought his teeth were loose on his upper left side of his mouth but no actually in fact his face bones are so severely cracked/broken "rearranged" that when he tries to bite down his teeth are in a different place although none of his teeth are/were loose!!! the structure of plaintiff's facial bones has been litterally rearranged!!!

(9)

39) plaintiff was then "medically evaluated" and also given X-rays of the "right side of his face" and "back of the head" although the visible injury/damage was to the left front face!?

40) Eventually plaintiff was given a prescription for Motrin and brought back to the cell in a wheelchair.

41) shortly thereafter plaintiff was interviewed by a Lieutenant Allen on camera. plaintiff was dazed and disoriented he felt as if he were drunk and the room was spinning.

42) there was a puddle of blood on the floor when they picked plaintiff up but they were laughing and joking stating "we gotta clean up all this blood oops!!!" and "cleaned up" (covered up) the evidence.

43) After giving statement to Lieutenant Allen on camera plaintiff went back to his cell and went to sleep.

44) plaintiff was in extreme pain and couldn't even chew food or put left face on the pillow

10

(45) Plaintiff had 2 black eyes and swollen face and swollen right ear/head. � Plaintiff was dazed and hurt for the next few days.

(46) On 1.9.2014 Plaintiff was woken up and taken to the outside hospital in Stockton "San Joaquin Hospital" and was given Catscans.

(47) It was determined that Plaintiff has:
1. Fractures of the anterior and postero-lateral walls of the left maxillary sinus.
2. Probable involvement through the inferior rim and floor of the left orbit.
3. Fractures of the lateral wall of the left orbit and lamina papyracea.
4. Nasal fracture.
5. Chronic pansinusitis.

(48) Plaintiff was given painkillers and codeine. (Narcotics)

(49) On 1.10.14 Plaintiff spoke to a doctor in CSP-SAC prison who explained eye socket orbit bone is fractured and may need surgery and will speak to a E.N.T. (Ear, Nose, and throat specialist).

(50) On 1.22.14 Plaintiff was again brought to the outside hospital in Stockton and briefly evaluated by a specialist.

(11)

51) This specialist ordered "more tests"

52) After Plaintiff's black eye/swelling went down a bit Plaintiff felt his eye socket with his finger and can feel his eye socket/nasal/cheek bone is cracked wide open real bad and can feel sharp jagged bone splinters sticking/poking out of his skin!!! Weeks later Plaintiff is still spitting up blood clots and can't chew food on his left face. they had Plaintiff on lots of painkillers and codeine for 6 weeks. (Narcotic painkillers Tramadol and Tylonol 3 with Codeine)

53) Plaintiff's face/eye/cheek bone was broken and cracked so severely Plaintiff can feel it with his naked finger it is not a "hairline fracture" Plaintiff's bone is cracked wide open real bad!!!

54) Plaintiff was issued a "Rules Violation Report" for "attempted battery on peace officer Telles" at yard. The report is filled with lies but for the sake of arguendo even if the lies were to be "believed" it still does not justify this extreme EXCESSIVE force.

55) While Plaintiff was being assaulted in building A3 by officers Porter, Garland, Wilson, and Lay by them smashing Plaintiff's face down on the floor Plaintiff begged and pleaded for them to stop but they just continued on while Sergeant Mazyck watched the whole thing and allowed her officers to do this to me.

(56) Plaintiff keeps on experiencing extreme retaliation at every single California State Prison due to his mental illness diagnosis ~~████████~~ status and jailhouse lawyer litigator status. they deny Plaintiff his right to go to yard and his out of cell recreational groups every single day!!! steal his mail, terrorize him, torture him, send inmates to keep him awake all night, keep beating plaintiff, etc. etc. etc. making plaintiff's life a living HELL!!! plaintiff is asking please for injunctive relief for a transfer to an out of state or Federal prison due to the retaliation.

## FIRST CLAIM FOR RELIEF

(57) VIOLATION OF PRISONER'S 8th AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT " EXCESSIVE FORCE "

(58) Plaintiff realleges and incorporates by reference each allegation of paragraghs one through 57, ~~████~~ inclusive, as if herein alleged.

(59) Defendants officer Porter, Wilson, Garland, ~~██~~ Lay, Telles violated Plaintiff's 8th Amendment right to be free from cruel and unusual punishment in the form of excessive force, by their unnecessary infliction of pain, including physical injury and emotional distress.

(13)

(60) Specifically defendants Porter, Wilson, Garland, Telles, and Lay knowingly, maliciously, and sadistically inflicted physical, emotional, and mental abuse upon Plaintiff when they beat him with excessive force on 1.7.14. Defendants actions offend contemporary standards ~~such~~ of decency.

(61) Specifically defendant Sergeant Mazyck was present and witnessed the 1.7.14 assault and acted with deliberate indifference by failing to stop the assaults and also participated in covering up the assaults. this officer is sued and held liable.

(62) Defendants subjected Plaintiff to this physical, emotional, and mental abuse under circumstances that which did not require such.

(63) Defendants' acts were despicable, knowing, willful, malicious, and carried out with deliberate indifference and reckless disregard for Plaintiff's federally protected rights.

(64) As a direct and proximate result of all of the defendants' actions herein alleged, Plaintiff suffered, and continues to suffer, physical injury. Plaintiff is entitled to an award of compensatory and punitive damages for injuries suffered.

(14)

(65) As a further direct and proximate result of all of the defendants actions herein alleged, Plaintiff suffered, and continues to suffer, severe emotional and psychological distress. Plaintiff is entitled to an award of compensatory and punitive damages for his injuries suffered.

(66) Plaintiff is requesting injunctive relief in the form of an out of state prison transfer or transfer to a Federal facility away from California Department of Corrections because plaintiff keeps continuously experiencing retaliation and beatings over and over and over again and again and again and again at the hands of California Department of Corrections Prisons. Defendant California Department of Corrections and/or Director of Corrections can make this transfer possible.

# PRAYER FOR RELIEF

(67) Wherefore Plaintiff John Fratus prays for the following relief:

(A) INJUNCTIVE RELIEF;

(B) Compensatory damages from each defendant in the amount of 1,000,000 dollars.

(C) Punitive damages from each defendant in the amount of 1,000,000 dollars;

(D) Reasonable attorney's fees pursuant to 42 U.S.C. § 1988

(16)

E) Costs of suit; and

F) Such further relief that this court deems proper

## DEMAND FOR JURY TRIAL

Plaintiff John Fratus hereby demands a jury trial.

Signed under the penalty of perjury.

Date: ~~████████~~
~~████████~~
1·11·2016

John Fratus
John Fratus Pro Se
Plaintiff

17

ATTACHMENT A

A3-124

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

HEALTH CARE SERVICES

PHYSICIAN REQUEST FOR SERVICES

(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| | | |
|---|---|---|
| PATIENT NAME: Fratus, John | CDC NUMBER : V74577 | INSTITUTION: SAC |
| DATE OF BIRTH: | EPRD DATE: Life | GENDER: |

PRINCIPLE DIAGNOSIS: Facial Trauma/ L orbital fracture    ICD-9 CODE:    CPT CODE(S):

REQUESTED SERVICE(S) : ENT at SJGH    # OF DAYS RECOMMENDED:

*Please check all that apply:* **Consultation X**    Outpatient/Inpatient    **Initial X**

Requested Treatment/Service is: **EMERGENT**    **URGENT X**    **ROUTINE**    **TELEMED OK: YES**

*For the purpose of retrospective review, if emergent or urgent, please justify:* ___

Proposed Provider: SJGH    Anticipated Length of Stay:

Expected Disposition (i.e.: outpatient follow-up, return to institution, transfer): ___

Medical Necessity *(briefly describe the clinical situation; the history of the illness; treatments used; pertinent labs/imaging studies; or questions for the consultant):*

> 34 yo male with L orbital fracture/L maxillary fracture/L nasal fracture. DOI 1-7-14. Exam: EOMI intact, noticeable ecchymosis left eye, no sign of hyphema. ENT eval for treatment recommendations including watchful waiting. Is this surgical? Pt seen and evaluated in ED at SJGH on 1-8-14 and had a CT scan of head done and recommendations for urgent f/u in ENT as outpatient.

Estimated time for service delivery, recovery, rehabilitation and follow-up: ___

Summary of preliminary or diagnostic work-up, conservative treatment provided (if applicable, please provide TB code, CD4 count, viral load, albumin, total protein and lab dates within the past 3 months): ___

Comments (diagrams, risk factors, prognosis, alternative management, etc.): ___

REQUESTING PHYSICIAN PRINTED NAME: B. Hamkar, M.D.    APPROVED / AUTHORIZED / DENIED / DEFERRED BY    DATE 1/9/14

REQUESTING PHYSICIAN SIGNATURE    DATE 1/9/14    Utilization Management Tracking #
.electronic Behroz homkor M.D.    SAC-13/14- PA07574

DATE OF CONSULTATION    PRINTED NAME OF CONSULTANT

FINDINGS: _(illegible handwriting)_

RECOMMENDATIONS: _(illegible handwriting)_

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _(illegible handwriting)_

CONSULTANT SIGNATURE    DATE    CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

ET/ RN SIGNATURE    DATE    NAME:

PCP SIGNATURE    DATE    CDC

Attach Progress Note page for additional information

**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

PHYSICIAN REQUEST FOR SERVICES (RFS)    CDC7243 (Rev

FRATUS, JOHN  MRN: 001122617 Acct #: 206323594 Type: 0
DOI  DOB: 06/24/1979 Age: 34Y Sex: M  DOS: 01/22/2014
HOU  Ins: CAL STATE PRISON SACRAMENTO  FIC: 24
Loc: SPECIAL CARE CLINIC Atnd: IEROKOMOS, ALEXANDER

Confidential  NAL

Sign: _(illegible)_  Fwd to Telemed.
UM  Fwd to consult

Confidential Saved 2014-07-23T15:42:40Z

**San Joaquin General Hospital**
P.O. Box 1020
Stockton, CA 95201-1020

V 7457

## Diagnostic Imaging Department: (209) 468-6220

**Referring Provider: SPARTA ATAI, MD**          **Location:Emergency Room**

| | |
|---|---|
| **Patient Name:** FRATUS, JOHN | **Med Rec #:**1122617 |
| **Date of Birth:** 06/24/1979 | **Age:** 34Y |
| **Procedure Date:** 01/09/2014 | **Gender:** Male |
| **Pregnant:** No | **Accession #:** 1106938201 |
| **Account:** 206246373 | **Order #:** None |
| **Procedure:** CT FACIAL BONES W/O | **Ordered By:** None |
| CONTRAST | **Tech:** JOHN JAYCOX |
| **Exam Completion Time:** 1640 | |

**CLINICAL INFORMATION:** ASSAULTED ER RM 4 577 (mGy*cm DLP) administered via (CT); at hrs by 28.19 (mGy CTDI) administered via (CT); at hrs by

**INJECTED BY/AMOUNT/CONTRAST:**

577 (mGy*cm DLP) administered via (CT); at hrs by 28.19 (mGy CTDI) administered via (CT); at hrs by

Comparison:  No prior studies available for comparison.

Indication:  34-year-old gentleman status post assault.

Technique:  Axial CT images were obtained through the facial bones without use of intravenous contrast.

**FINDINGS:** A comminuted, depressed fracture of the left maxillary sinus involves the anterior and posterior lateral walls. Small bone fragments are displaced into the left maxillary sinus. Comminuted fracture lines extend into the left orbital floor with slight inferior displacement of some fracture fragments into the left maxillary sinus. The extraocular muscles remain separate from the fracture site. The fracture lines extend more superiorly along the lateral left orbital wall, and linear lucencies through the left orbital roof may represent nondisplaced fractures. Moderate soft tissue swelling is seen in the left forehead and left periorbital soft tissues with subcutaneous emphysema seen along the inferior margin of the left periorbital soft tissues. Punctate, calcific density foreign bodies are noted in the skin of the left face overlying the left maxilla. Dense fluid within the left maxillary sinus likely represents blood. Minimal mucoperiosteal thickening is seen in the right maxillary sinus. Patchy opacification of the ethmoid air cells may relate to blood or sinus disease. The mastoid air cells are clear. The right orbit, right maxilla, mandible, and pterygoid plates are intact. The temporomandibular joints are normally articulated bilaterally. A mildly displaced left nasal bone fracture is noted.

**IMPRESSION:** Comminuted, depressed fractures of the anterior and posterolateral walls of the left maxillary sinus extending to the left orbital floor, lateral left orbital wall, and left orbital roof. No involvement of the extraocular muscles is noted. Blood is seen in the left maxillary sinus. Moderate left periorbital soft tissue swelling and subcutaneous emphysema are present.

Mildly displaced left nasal bone fracture.

These findings were discussed with Dr. Sparta Atai in the emergency department on 01/09/2014 at 05:20 p.m.

**Thank you for this referral.**

Page 1 of 2



**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

California State Prison Sacramento

| | |
|---|---|
| **Name:** JOHN FRATUS | **Patient ID:** 12001764 |
| **DOB:** 06/24/1979 | **Secondary ID:** V74577 |
| **Exam Name:** CT FACIAL BONES WO CONT \| 70486 | **Exam Date:** 02/10/2014 01:33 PM |
| **Referring Physician:** B. Hamkar, MD | |

EXAMINATION: CT of the facial bones without contrast.

CLINICAL HISTORY: Injury, pain.

COMPARISON: Radiographs 1/7/2014

FINDINGS: A helical CT of the facial bones was performed without contrast. Axial, sagittal, and coronal reformations were obtained.

Fractures are identified involving the anterior wall and posterolateral wall of the left maxillary sinus. The anterior wall is depressed approximately 4 mm. A minimally displaced comminuted nasal fractures present, as well the fracture of the anterior wall of the left maxillary sinus appears to extend through the rim of the left orbit the floor is likely involved, as well.

A minimally displaced comminuted fracture of the lateral wall of the left orbit is present. A subtle fracture of the lamina papyracea appears to be present.

Thickening is present within the anterior ethmoid, frontal, sphenoid, and frontal sinuses.

The mastoid air cells are clear.

Impression:
1. Fractures of the anterior and postero-lateral walls of the left maxillary sinus.
2. Probable involvement through the inferior rim and floor of the left orbit.
3. Fractures of the lateral wall of the left orbit and lamina papyracea.
4. Nasal fracture.
5. Chronic pansinusitis.

Report Electronically Signed by: D Goller MD
Report Electronically Signed on: 02/10/2014 02:43 PM

ORIGINAL

Date: 2-14-14

Sign: SO

RADIOLOGY

Confidential Saved 2014-07-23T15:42:40Z
2/11/2014

PROOF OF SERVICE BY MAIL

I John Fratus am plaintiff in this case in Pro Se. I am an inmate at CSP-SAC prison P.o. Box 290066 Represa, CA 95671 Sacramento County.

On the date ~~1-22-16~~ 1·11·16 I mailed the attached civil rights complaint and application to proceed in Forma pauperis in the U.S. mail postage fully paid to the following address:

office of the clerk
U.S. Eastern District Court
501 "I" street, Suite 4-200
Sacramento, CA 95814

Signed under the penalty of perjury

Date: ~~1-22-16~~
1·11·2016

John Fratus
John Fratus Pro Se
Plaintiff