John Fratus
P.O. Box 2000
Vacaville, CA 95696

---

FILED
AUG -4 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| John Fratus (Plaintiff) v. Mazyck, et al. (Defendants) | CASE No: 2:16-CV-0076-KJM-EFB |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

On July 18, 2016 Defendants' filed a motion to dismiss certain claims in Plaintiff's Complaint under FRCP 12(b)(6) and 8(a). This is Plaintiff's opposition to that motion.

Defendants' motion is made on the grounds that:
1. Plaintiff has failed to state a claim against Defendants Mazyck, Garland, Porter, and Wilson for retaliation in violation of the First Amendment;

2. Plaintiff's Complaint violates Rule 8(a) because it does not include a short and plain statement of his retaliation claim against Defendants Mazyck, Garland, Porter, and Wilson;

3. Plaintiff has failed to state a claim against Sergeant Mazyck for excessive force; and

4. The Court lacks jurisdiction to grant Plaintiff's claim for injunctive relief against Secretary Kernan seeking a transfer out of CDCR's custody.

1

# ARGUMENT

## I. PLAINTIFF SHOULD BE ALLOWED TO PROCEED WITH HIS INJUNCTIVE RELIEF CLAIM AGAINST DEFENDANT KERNAN SEEKING A TRANSFER OUT OF CDCR'S CUSTODY.

Plaintiff has been experiencing extreme retaliation at the hands of CDCR staff and officers. Plaintiff has been subjected to repeated excessive force, abuse, mistreatment, and torture. Plaintiff initially drafted his complaint approx. one month after the January 7, 2014 incident but didn't actually file it with the court until 2 years later because plaintiff's plate was full with him litigating several other cases, child custody proceedings, etc. Also plaintiff was pondering whether or not he would file the complaint at all depending on how he was treated at his prison CSP-SAC. However the mistreatment of plaintiff has been so harsh and severe over the past 2 years that plaintiff has no choice but to file this complaint and request for injunctive relief in the form of a transfer out of CDCR custody. The retaliation has been so harsh, severe, and extreme as to constitute torture. This is not a few "isolated" incidents but constant retaliation in various forms reducing plaintiff's life to a living hell. This has caused plaintiff's mental health to deteriorate to the point where he has been housed in Mental Health Crisis Bed for approx. 6 months out of the past 15 months. Plaintiff has been admitted to Department of Mental Health "D.S.H." mental hospital 2 times in less than one year and is currently in a mental hospital for suicide attempts due to his mental health deteriorating from the abuse, mistreatment, and torture in retaliation to him filing constitutional civil actions.

2

Some examples of the retaliation include but is not limited to the following: On 10.2.14 plaintiff was slammed on the ground and kicked and punched in the face by Sergeant Gonzales, C.O. Mills, and C.O. Carothers. On 4.24.16 plaintiff was peppersprayed in the face then cuffed behind back and shackled before being repeatedly punched in face by officers with closed fists. There have been other less minor incidents as well but plaintiff intends on filing lawsuits for the 10.2.14 and 4.24.16 incidents in the near future. Officers have also routinely been stealing property from plaintiff like ordinary street criminals!!! Officers have been messing with and stealing his mail and magazines that he payed for. Prison staff have subjected plaintiff to torture in the form of excessive noise and sleep deprivation where they pay stoolpigeon rat inmates to bang and scream all day and night every night for months at a time so plaintiff can't get sleep or effectively study and litigate his legal actions. Plaintiff cannot get his hands on these stoolpigeon inmates because he is in punitive segregation for 10 years already with 20 years remaining in punitive segregation due to dozens of false frivolous rules violation reports given to plaintiff in retaliation. Plaintiff does not currently have access to his property and evidence whereas he is in mental hospital but plaintiff will produce evidence at trial to support these allegations and more such as but not limited to medical records, grievances filed, mail from family discussing such, etc.

3

The public interest favors granting this injunction because plaintiff has to continuously file federal civil rights complaints over and over and over costing the tax payers thousands and thousands and thousands of dollars even if plaintiff loses at all these trials for excessive force and retaliation (the California taxpayers still have to pay).

Defendant Kernan can facilitate a transfer out of CDCR's custody and arrangements can be made with either a federal or out of state facility that would not cause any harm or prejudice to anybody, however, if the injunction is denied it will cause harm and prejudice to everybody the plaintiff and the tax payers of the state of California. Plaintiff has been repeatedly beaten and tortured and abused and mistreated at the hands of CDCR officers to the point he has been taken to the mental hospital twice in less than one year and is currently in a mental hospital for suicide attempts where he cut his veins in his wrists requiring seven stitches. What will it take for the standards of a permanent injunction to issue? Death? For plaintiff to kill himself dead? And also there is no other available alternative plaintiff has been housed in Corcoran S.H.U. and Pelican Bay P.S.U. and has received the same retaliation at all CDCR prisons which are all connected. Plaintiff has filed several lawsuits this is lawsuit number 4 and will be filing at least 2 more this is costing the state taxpayers all this money for nothing.

4

(Plaintiff has not mentioned the numerous incidents of excessive force and retaliation prior to 1·7·2014 which has resulted in 3 previous lawsuits. For limited purposes of this motion Plaintiff has only mentioned a few examples of incidents after and since 1·7·2014 because the amount of incidents of retaliation and excessive force throughout the years has been too extensive to include in this motion)

## II. PLAINTIFF SHOULD BE ALLOWED TO PROCEED WITH HIS RETALIATION CLAIM AGAINST DEFENDANTS MAZYCK, GARLAND, PORTER, AND WILSON.

Plaintiff is currently in mental hospital with no access to law library or his property so Plaintiff cannot refer to his complaint but if his memory serves him correct his complaint alleges that officers made comments during the incident while beating him such as "you like to file complaints against officers" and "that's what you get for filing complaints against officers you rat" then threw Plaintiff on the floor of the rotunda and when plaintiff asked "why do yall keep treating me this way?" Sergeant Mazyck told plaintiff "because you like to file complaints against officers"...

This is a cognizable claim for retaliation and this court was correct in determining such in its screening order.

## III. DEFENDANTS' ARGUMENT THAT "PLAINTIFF'S COMPLAINT VIOLATES RULE 8(a) BECAUSE IT DOES NOT INCLUDE A SHORT AND PLAIN STATEMENT OF HIS RETALIATION CLAIMS AGAINST DEFENDANTS MAZYCK, GARLAND, PORTER, AND WILSON" IS WITHOUT MERIT.

Defendants argument that "Plaintiff's allegations regarding retaliatory remarks concern unidentified officers, not defendants" is without merit. Defendants Mazyck, Garland, Porter, Lay, and Wilson were the officers present during the beating and for the sake of argument even if plaintiff was face down with his view obstructed and couldn't see exactly "which" officer(s) specifically made the comments the fact that those comments were being made <u>while</u> plaintiff was being beaten constitutes a claim for retaliation. And after the beatings they threw

5

Plaintiff on the floor in the rotunda plaintiff stated "why do yall keep treating me this way?" Sergeant Mazyck then stated "because you like to file complaints against officers"...

The Defendants' arguments are without merit and this Court was correct in its screening order.

### IV  PLAINTIFF SHOULD BE ALLOWED TO PROCEED WITH HIS EXCESSIVE FORCE CLAIM AGAINST SERGEANT MAZYCK.

Defendants' argument is without merit and frivolous. It is well established that when officers beat an inmate with excessive force an officer who is present and watches on and fails to intervene and participates in covering it up after is guilty as well and liable. Indeed the jury will be instructed as to the state of mind required such as "malicious and sadistic intent" or "deliberate indifference" but it is a foolish waste of time arguing such a weak argument raised by Defendants.

The plaintiff has raised a cognizable claim for excessive force against Sergeant Mazyck and this Court was correct in determining such in its screening order.

### CONCLUSION

The Defendants arguments are without merit. This Honorable Court is aware of the applicable law and was correct in its screening order by determining which cognizable claims plaintiff raised in his complaint. The Defendants' motion should be denied.

Signed under the penalty of perjury.

Date: 8·1·2016

Respectfully submitted
John Fratus  John Fratus Pro Se plaintiff

6

# PROOF OF SERVICE BY MAIL

I John Fratus am plaintiff in this action I am over 18 years of age. I am an inmate at California Medical Facility P.o. Box 2000 Vacaville, CA 95696 ~~[redacted]~~ Solano County.

On August 2, 2016 I mailed the attached "opposition to defendants' motion to dismiss" in the U.S. Mail postage fully paid addressed as follows:

    office of clerk
    Eastern District U.S. Court
    501 I street
    Sacramento, CA 95814

Signed under penalty of perjury

Date: 8·2·16

    *John Fratus*
    John Fratus Pro Se
    plaintiff