UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>        Plaintiff,<br><br>    v.<br><br>MAZYCK, et al.,<br><br>        Defendants. | No. 2:16-cv-0076-KJM-EFB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that the named defendants violated his First Amendment rights by retaliating against him for filing legal complaints and his Eighth Amendment rights by using excessive force against him. ECF No. 1 at 5-9. Defendants move to dismiss plaintiff's: (1) request for injunctive relief; (2) retaliation claims against defendants Mazyck, Wilson, Garland, and Porter; and (3) excessive force claim against defendant Mazyck. ECF No. 16. Plaintiff has filed an opposition to this motion (ECF No. 23) and defendants have filed a reply (ECF No. 24). As discussed below, it is recommended that the motion to dismiss be denied.

      Further, plaintiff has filed a motion for extension of time to conduct discovery (ECF No. 22), a motion for discovery (ECF No. 25), and motion for appointment of counsel (ECF No. 26). For the reasons stated below, plaintiff's motion for extension of time is granted in part and the motions for discovery and appointment of counsel are both denied.

1

**I.     Background**

Plaintiff alleges that, on January 6, 2014, he had a verbal argument with Defendant Telles about the denial of shaving clippers and other, unspecified forms of "retaliation and mistreatment." ECF No. 1 at 3-4. He claims that he apologized to Telles shortly thereafter and believed that their differences were settled. *Id*. at 4. The next day, plaintiff was escorted to the recreation yard by defendant Porter. *Id*. at 5. Upon arrival, Telles allegedly handcuffed plaintiff, punched him in the back of the head, and made it known that this violence was a reprisal for the previous day's argument. *Id*.

Afterwards, plaintiff was shackled and escorted back to his cell by defendants Porter and Wilson. *Id*. at 6. Along the way, they were met by defendants Mazyck and Lay[1], as well as other unnamed officers. *Id*. Plaintiff asked Mazyck if he could report Telles' assault and she refused. *Id*. Plaintiff then insulted her, prompting Porter to slam him face first into a nearby wall. *Id*. at 7. He was knocked to the concrete floor and defendants Porter, Wilson, Lay, and Garland slammed his face against the ground repeatedly. *Id*. Plaintiff believes that this violence was, at least in part, undertaken in retaliation for his filing of grievances and complaints. *Id*. at 8-9. He claims that, during and after the assault, officers taunted him by referencing his notoriety as a "jailhouse lawyer" and his propensity for filing complaints against officers. *Id*. Plaintiff notes that Mazyck did not participate in the use of force against him, but alleges that she is liable under the Eighth Amendment for failing to intervene to stop the assault and covering it up afterwards. *Id*. at 12.

In addition to money damages, plaintiff seeks injunctive relief in the form of a transfer to an out-of-state or federal prison due to ongoing retaliation against him. *Id*. at 13.

**II.    Plaintiff's Motion for Extension of Time**

Before turning to the motion to dismiss, the court considers plaintiff's motion for extension of time. ECF No. 22. On June 24, 2016, summons for defendant Lay were returned unexecuted. ECF No. 15. On July 21, 2016, the court ordered plaintiff to provide new information about how to locate Lay for service of process within thirty days. ECF No. 17.

---

[1] Defendant Lay has not yet been served. ECF No. 15.

1  Now, plaintiff requests an additional ninety days to provide this information. ECF No. 22. He
2  states that this additional time is necessary because he has been moved to the California Medical
3  Facility and will be receiving mental health treatment at that facility for up to one year. *Id*. at 1-2.
4  He claims that, at this facility, his access to his legal files is limited and that he has no access to
5  legal materials or a law library. *Id*. at 2. Plaintiff also requests that he be exempted from the
6  requirement that he serve identical copies of future filings on the defendants because he does not
7  currently have access to a copy machine. *Id*. at 3.

8       Plaintiff's motion is granted in part to afford him an additional sixty days to provide new
9  information on how to locate defendant Lay for service. No further extensions on this deadline
10 will be granted without a detailed explanation of the efforts plaintiff has undertaken to ascertain
11 this information. Plaintiff's request to be exempted from serving copies of his filings on the
12 defendants is denied. Local Rule 135(d) provides that copies of all documents submitted to the
13 Court must be served on all parties "unless a party expressly waives service." E.D. Cal. L.R.
14 135(d). Until and unless defendants agree to waive this requirement, plaintiff must comply with
15 this rule. The court recognizes that some of the local rules may be more burdensome to pro se
16 litigants who lack the professional resources available to counsel. Nevertheless, it is disinclined
17 to grant blanket exemptions from these rules. The court will, however, entertain reasonable
18 extensions of filing deadlines that plaintiff may require to effect compliance with local rule
19 135(d).

20     **III.    Motion for Discovery**

21      Plaintiff characterizes this pleading as a "motion for discovery", but a review of its
22 content indicates that it is a discovery request directed to the defendants. ECF No. 25 at 2-3.[2]
23 Given that this motion does not seek any relief from the court, it is denied as moot. In the future,
24 plaintiff should send any discovery requests or interrogatories directly to defendants' counsel.
25 /////

26

27     [2] Specifically, plaintiff states "If Defendants refuse to comply with this request within 33
28 days Plaintiff will file a motion pursuant to Rule 37(a)(2) Fed. R. Civ. P for an order compelling discovery." ECF No. 25 at 2-3.

3

### IV. Motion to Appoint Counsel

Plaintiff's motion to appoint counsel (ECF No. 26) is denied. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

### V. Defendants' Motion to Dismiss

#### A. Legal Standards

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Id.* at 555. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most

favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

**B.    Analysis**

As noted above, defendants move to dismiss: (1) plaintiff's injunctive relief request for transfer to an out-of-state or federal prison; (2) plaintiff's retaliation claims against defendants Mazyck, Garland, Porter, and Wilson; and (3) plaintiff's excessive force claim against defendant Mazyck. For the reasons stated hereafter, the court recommends that defendants' motion be denied.

### 1. **Injunctive Relief**

Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "Under 'well-established principles of equity,' a plaintiff seeking permanent injunctive relief must satisfy a four-factor test by showing: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1088 (9th Cir. 2015) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). The Prison Litigation Reform Act ("PLRA") also subjects any prospective relief [3] in prison condition lawsuits to the following limitations:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

Defendants raise several arguments in favor of dismissing plaintiff's request for injunctive relief. First, they argue that the proposed transfer would necessarily require the determination of the rights of parties not before this court – namely those of whatever out-of-state or federal institution received plaintiff. Second and more generally, defendants argue that plaintiff cannot meet the requirements for the four factor test described above. Finally, they argue that the requested injunctive relief is precluded by the PLRA insofar as it is not the least intrusive means to correct the harm alleged. The court finds, however, that dismissal of plaintiff's request for injunctive relief is unwarranted at this time.

---

[3] Under this section prospective relief is defined as "all relief other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7).

Injunctive relief is a remedy derived from the underlying claims and not an independent claim in itself. *See, e.g., Bridgeman v. United States of America*, 2011 U.S. Dist. LEXIS 6059, at *559-60 (E.D. Cal. Jan. 11, 2011); *Cox Comm'n PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002). As such, the court concludes that dismissal of plaintiff's injunctive relief request by way of a 12(b)(6) motion is premature. S*ee Friends of Frederick Seig Grove # 94 v. Sonoma Cnty. Water Agency*, 124 F. Supp. 2d 1161, 1172 (N.D.Cal.2000) ("While the Court may ultimately agree with the defendants that injunctive relief is inappropriate, it is by no means evident that the Court can reach such a determination on a motion to dismiss."). The merits of plaintiff's requested injunctive relief will be determined at a later stage in the litigation.

### 2.  **Retaliation Claims**

Defendants argue that the retaliation claims against defendants Mazyck, Garland, Porter, and Wilson should be dismissed because they are overly conclusory and not attributable to any particular defendant. The court disagrees. Plaintiff alleges that he "feels this mistreatment is retaliation due to plaintiff's history of filing grievances against officers" and claims that unit officers have stated "'ohh you like to file staff complaints against officers!'" ECF No. 1 at 8-9. With respect to the named defendants, he goes on to allege that "officers made comments during [the January 7, 2014 use of excessive force] that leads plaintiff to believe [it] was retaliation." *Id*. at 9. He emphasizes comments like "you like to file complaints against officers" and "that's what you get for filing complaints against officers you rat!" *Id*. These allegations are not overly detailed, but "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Further, in evaluating a Rule 12(b)(6) motion, the claims in the complaint are taken as true and construed in a light most favorable to the plaintiff. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). The court finds that the complaint, construed liberally (as it must be), is sufficient to put defendants on notice of the retaliation claims against them. Defendants Mazyck, Garland, Porter, and Wilson were all implicated in the January 7, 2014 use of force and plaintiff's complaint plainly characterizes this incident as retaliation for his filing of complaints and grievances. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

1985) (courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."). It is unclear whether plaintiff can marshal sufficient evidence to succeed on these claims, but the court does not broach this question in considering a Rule 12(b)(6) motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

Defendants are correct insofar as they argue that plaintiff cannot succeed on any retaliation claim based on the non-protected conduct of swearing at defendant Mazyck, but plaintiff's retaliation claims appear to rest on his propensity for filing grievances and complaints against officers.

### 3. Excessive Force Claim Against Defendant Mazyck

Lastly, defendants argue that the excessive force claim against defendant Mazyck should be dismissed because she did not use any force against plaintiff herself. They also note that the court did not specifically identify a failure to intervene claim in its screening order (ECF No. 6). This argument is unavailing. It is well settled that failure to intervene can support an excessive force claim where a bystander-officer has a realistic opportunity to intervene, but fails to do so. *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). The fact that the screening order categorized the claim against Mazyck as excessive force rather than failure to intervene is irrelevant because the latter is a subcategory of the former.

**VI.   Order and Recommendation**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 22) is GRANTED in part. Plaintiff shall have an additional sixty days from the date of this order's entry to submit new information about how to serve defendant Lay. The motion is denied in all other respects.

2. Plaintiff's motion for discovery (ECF No. 25) and motion to appoint counsel (ECF No. 26) are DENIED.

/////

/////

Further, it is RECOMMENDED that defendants' motion to dismiss (ECF No. 16) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 7, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE