1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  MISHA D. IGRA, State Bar No. 208711
   Supervising Deputy Attorney General
3  MARTHA EHLENBACH, State Bar No. 291582
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 324-7553
6    Fax: (916) 324-5205
     E-mail: Martha.Ehlenbach@doj.ca.gov
7  *Attorneys for Defendants Mazyck, Garland, Kernan,
   Porter, Telles, and Wilson*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JOHN FRATUS,**<br><br>                    Plaintiff,<br><br>    v.<br><br>**MAZYCK, et al.,**<br><br>                    Defendants. | Case No. 2:16-cv-00076-KJM-EFB (PC)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Judge:            The Hon. Edmund F. Brennan<br>Action Filed:  January 13, 2016 |

## ANSWER

This answer is filed on behalf of Defendants Mazyck, Garland, Kernan, Porter, Telles, and Wilson. All references to page numbers correspond to the Court's Electronic Case Files pagination of Plaintiff's Complaint, filed on January 13, 2016. ECF No. 1. Except where expressly admitted, Defendants deny all allegations contained in the Complaint.

/ / /

/ / /

/ / /

**I.     JURISDICTION AND VENUE.**

1.     Answering sections One and Two on page one of the Complaint, Defendants admit that the Court has jurisdiction over this action and that venue is proper.

**II.    PREVIOUS LAWSUITS.**

2.     Answering page One, Defendants are informed and believe that Plaintiff has brought other lawsuits while a prisoner.

**III.   INTRODUCTION.**

3.     Answering the section titled "Introduction" on page two of the Complaint, Defendants admit that this action seeks monetary damages and injunctive relief under 42 U.S.C. § 1983 but deny violating any of Plaintiff's constitutional rights.

**IV.    PARTIES.**

4.     Answering the section titled "Parties" on page two of the Complaint, Defendants admit, on information and belief, that Plaintiff is a Caucasian male who was incarcerated at California State Prison, Sacramento at the time of the events alleged in the Complaint. Defendants lack sufficient information and knowledge to admit or deny the remaining allegations in that paragraph, and deny them on that basis.

5.     Answering paragraph five on page two of the Complaint, Defendants admit that Defendant Mazyck was employed as a Correctional Sergeant at California State Prison, Sacramento, at the time of the events alleged in the Complaint. Sergeant Mazyck denies the remaining allegations in that paragraph. The other Defendants lack sufficient information and knowledge to admit or deny the remaining allegations, and deny them on that basis.

6.     Answering paragraph six, Defendants admit that Defendant Telles was employed as a Correctional Officer at California State Prison, Sacramento, at the time of the events alleged in the Complaint. Officer Telles denies assaulting Plaintiff. The other Defendants lack sufficient information and knowledge to admit or deny the remaining allegations, and deny them on that basis.

7.     Answering paragraph seven, Defendants admit that Defendant Porter was employed as a Correctional Officer at California State Prison, Sacramento, at the time of the events alleged

in the Complaint. Officer Porter denies assaulting Plaintiff. The other Defendants lack sufficient information and knowledge to admit or deny the remaining allegations, and on that basis deny them.

8. Answering paragraph eight, Officer Lay has not been served or appeared in this matter. The other Defendants lack sufficient information and knowledge to admit or deny the remaining allegations, and deny them on that basis.

9. Answering paragraph nine, Defendants admit that Defendant Wilson was employed as a Correctional Officer at California State Prison, Sacramento, at the time of the events alleged in the Complaint. Defendant Wilson denies assaulting Plaintiff. The other Defendants lack sufficient information and knowledge to admit or deny the remaining allegations, and deny them on that basis.

10. Answering paragraph ten, Defendants admit that Defendant Garland was employed as a Correctional Officer at California State Prison, Sacramento, at the time of the events alleged in the Complaint. Defendant Garland denies assaulting Plaintiff. The other Defendants lack sufficient information and knowledge to admit or deny the remaining allegations, and deny them on that basis.

11. Answering paragraph eleven, Defendant Kernan admits that he is sued in his official capacity for injunctive relief only but denies that Plaintiff is entitled to the relief requested. CDCR is not a Defendant in this action. *See* Order, ECF No. 6.

**V. FACTS.**

12. Answering the section titled "Facts," paragraphs twelve through eighteen, Defendant Telles admits that Plaintiff began a "verbal confrontation" regarding shaving clippers on or about January 6, 2014. Defendant admits that he served as yard officer and supervised inmates in walk-alone yards on that date. Defendant Telles denies mistreating or retaliating against Plaintiff. Defendants lack sufficient information and knowledge to admit or deny the remaining allegations, and on that basis deny them.

13. Answering paragraph nineteen, Defendant Porter admits that he escorted Plaintiff to the walk-alone yard on January 7, 2014. Defendant Porter denies the remaining allegations.

14. Answering paragraph twenty, Defendants deny having any "grudges" against Plaintiff. Defendants lack sufficient information and knowledge to admit or deny the remaining allegations, and deny them on that basis.

15. Answering paragraphs twenty-one through twenty-three, Defendant Telles admits that he took escort of Plaintiff to place him in the walk-alone yard. Defendant denies that he had a "grudge" against Plaintiff, denies punching Plaintiff in the back of the head, denies "slamming" Plaintiff onto the grass, and denies making the statement referenced. Defendants lack sufficient information and knowledge to admit or deny the remaining allegations, and deny them on that basis.

16. Answering paragraph twenty-four, Defendant Telles admits that he activated his personal alarm, that officers responded, and that leg restraints were placed on Plaintiff. The other Defendants lack sufficient information and knowledge to admit or deny the remaining allegations, and deny them on that basis.

17. Answering paragraph twenty-five, Defendant Porter admits escorting Plaintiff to his building in leg restraints and in handcuffs. Defendants deny the remaining allegations.

18. Answering paragraph twenty-six, Defendants lack sufficient information and knowledge to admit or deny the allegations and deny them on that basis.

19. Answering paragraph twenty-seven, Defendants admit that Plaintiff screamed an obscenity at Defendant Mazyck while he was in handcuffs and leg restraints. Defendants deny the remaining allegations in the paragraph.

20. Answering paragraphs twenty-eight to thirty-three, Defendants admit that force was used after Plaintiff resisted his escort and that he was taken to the ground. Defendants Porter and Lay admit escorting Plaintiff to the rotunda in his building. Defendants deny the remaining allegations.

21. Answering paragraph thirty-four, Defendants deny retaliating against Plaintiff and deny making the comment described.

22. Answering paragraph thirty-five, Defendants deny the allegations.

///

4

23. Answering paragraph thirty-six, on information and belief, Defendants admit that Officer Benson was one of the officers who escorted Plaintiff to the Triage and Treatment Area for medical evaluation. Defendant Mazyck denies escorting Plaintiff. The other Defendants lack sufficient information and knowledge to admit or deny the remaining allegations, and deny them on that basis.

24. Answering paragraph thirty-seven through forty, Defendants lack sufficient information and knowledge to admit or deny the allegations and deny them on that basis.

25. Answering paragraphs forty-one through fifty-three, on information and belief, Defendants admit that Plaintiff was interviewed by Lieutenant Allen. Defendants lack sufficient information and knowledge to admit or deny the remaining allegations, and deny them on that basis.

26. Answering paragraph fifty-four, Defendants admit that Plaintiff was issued a Rules Violation Report for attempted battery on a peace officer but deny the remaining allegations.

27. Answering paragraphs fifty-five through fifty-six, Defendants admit that Plaintiff seeks injunctive relief but deny the remaining allegations.

## VI. RELIEF.

28. Answering paragraphs fifty-seven through sixty-seven (A) through (F), Defendants deny that they violated Plaintiff's rights and deny that Plaintiff is entitled to the relief requested or any other relief whatsoever.

## VII. ATTACHMENTS.

29. Defendants lack sufficient knowledge and information to admit or deny the content or authenticity of the attachments included as pages eighteen through twenty-one of the Complaint, and on that basis deny their content and authenticity.

## AFFIRMATIVE DEFENSES

Defendants believe that investigation and discovery in this case will support the following separate and affirmative defenses:

/ / /

/ / /

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust available administrative remedies regarding his allegations against them in accordance with Title 15 of the California Code of Regulations, and as such, Plaintiff's claims are barred by 42 U.S.C. § 1997e(a).

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to allege facts sufficient to state a claim against any Defendant for excessive force or failure to protect Plaintiff in violation of the Eighth Amendment.

**THIRD AFFIRMATIVE DEFENSE**

Defendants are entitled to qualified immunity because they did not violate Plaintiff's constitutional rights, did not violate any clearly-established law, and acted reasonably in response to Plaintiff's threatening behavior.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege facts sufficient to entitle him to an award of compensatory damages because he has not set forth factual assertions that support a conclusion that he suffered an actual injury that is attributable to the actions of any Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

The damages sustained by Plaintiff, if any, were fully or partially the fault of others.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate his damages, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege facts sufficient to entitle him to an award of punitive damages because he has not set forth factual assertions that support a conclusion that any Defendant acted with oppression, fraud, or malice.

**EIGHTH AFFIRMATIVE DEFENSE**

Because the Complaint includes vague and conclusory allegations, Defendants cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, Defendants may amend this answer to assert additional affirmative defenses, if and to the extent such defenses apply.

///

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38, Defendants demand that this action be tried before a jury.

**PRAYER FOR RELIEF**

Defendants Mazyck, Garland, Kernan, Porter, Telles, and Wilson pray for judgment as follows:

1. That judgment be entered in their favor;
2. That Plaintiff take nothing by this action;
3. That Defendants be awarded costs of suit and attorney's fees; and
4. That Defendants be awarded such other relief as this Court deems proper.

Dated: March 24, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MISHA D. IGRA
Supervising Deputy Attorney General

*/s/ Martha Ehlenbach*

MARTHA EHLENBACH
Deputy Attorney General
*Attorneys for Defendants Mazyck, Garland, Kernan, Porter, Telles, and Wilson*

SA2016102398
32750127.doc

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Fratus v. Mazyck, et al.**
No.: **2:16-cv-00076-KJM-EFB (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **March 24, 2017**, I served the attached:

- **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

John Fratus, V-74577
California State Prison, Sacramento
P.O. Box 290066
Represa, CA 95671-0066
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 24, 2017**, at Sacramento, California.

| D. Jones | */s/ D. Jones* |
|---|---|
| Declarant | Signature |

SA2016102398
32813326.doc

8