UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN FRATUS,

    Plaintiff,

v.

MAZYCK, et al.,

    Defendants.

No. 2:16-cv-0076 KJM EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, moves to compel responses to his discovery requests. ECF No. 45.

<u>Legal Standards</u>

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

## Analysis

There are four requests for production relevant to this motion. The court will weigh each in turn.

    A.    Request for Production Number Four

        1.    The Request

Plaintiff seeks:

> Copies of any and all investigative materials, including but not limited to documents, reports, notes, memoranda, files, charts, photographs, videotapes, or audiotapes, regarding any complaints or grievances made or filed by plaintiff John Fratus, whether made orally or in writing concerning injuries suffered on and about January 2014 from beatings administered by CSP-SAC personnel, including but not limited to, the defendant officer witnesses involved in the above numbered action.

ECF No. 45 at 28.

        2.    The Response

Defendants submitted the following response to this request:

> Defendants object to this request on the grounds it is compound, overbroad, unintelligible, and lacks foundation. The request is vague and assumes disputed facts regarding "beatings." Information regarding internal investigations is protected from disclosure under sections 3321, 3370(d), and 3450 of Title 15 of the California Code of Regulations, and under California Government Code section 6254(c) & (f). Confidential information regarding use of force investigations, if released, would threaten the safety of staff and inmates and compromise the security of the prison. Cal. Code. Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e); Cal. Gov. Code § 6254; see Decl. Lt. M. Lujan at ¶¶ 2-6. And Plaintiff has equal access to the non-privileged portions of the crime-incident report relating to the January 7, 2014 use of force, because a copy is included in his central file.
>
> Without waiving any objection and after a reasonable search and inquiry, Defendants identify the following: (1) Rules Violation Report No. EOP-14-01-019 and related documents, produced as DEF 0042 to DEF 0046; (2) Crime/Incident Report (CDCR 837) Log No. SAC-PSU-14-01-0016 and related non- confidential staff reports, produced as DEF 0047 to DEF 0088; (3) a redacted copy of a California State Prison, Sacramento Holding Cell Log as DEF 0089; and (4) Inmate/Parolee Appeal No. SAC-P 14-00153 (CDC Form 602) and related non-confidential portions of the responses, attached as DEF 0090 to DEF 0103. Other than the privileged documents included in the use of force critique and the confidential supplements to appeal SACP-14-00153 described in the privilege

2

log, Defendants have no responsive documents in their possession, custody, or control.

*Id.* at 29.

### 3. The Privilege Log

The following documents were identified in the privilege log as relevant to this request:

Confidential "Institutional Executive Review Committee Use of Force and Further Action Recommendation" relating to Incident Report SAC-PSU-14-01-0016: "Battery on a Peace Officer Resulting in Use of Force (Immediate Use of Force)," completed on February 4, 2014, by J. Macomber, Warden.

- Confidential information that could jeopardize prison security, pursuant to Cal. Code. Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e).

- Confidential records of investigation that include personal information protected from disclosure, pursuant to Cal. Code. Regs. tit. §6254(f), Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1043 and 1045.

- Documents subject to self-critical analysis privilege.

Confidential "Report of Findings – Inmate Interview" (CDC Form 3014) relating to Incident Report SAC-PSU-14-01-0016: "Battery on a Peace Officer Resulting in Use of Force (Immediate Use of Force)," completed on January 22, 2014.

- Confidential information that could jeopardize prison security, pursuant to Cal. Code. Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e).

Confidential "Institutional Executive Review Committee (IERC) Critique and Qualitative Evaluation" (CDC Form 3036) relating to Incident Report SAC-PSU-14-01-0016: "Battery on a Peace Officer Resulting in Use of Force (Immediate Use of Force)," completed on February 4, 2014 by S. Vue, Analyst.

- Confidential information that could jeopardize prison security, pursuant to Cal. Code. Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e).

- Documents subject to self-critical analysis privilege.

Confidential "Incident Commander's Review/Critique Use of Force Incidents," (CDC Form 3010) relating to Incident Report SAC-PSU-14-01-0016: "Battery on a Peace Officer Resulting in Use of Force (Immediate Use of Force)," completed on January 8, 2014 by T. Allen, Lieutenant.

- Confidential information that could jeopardize prison security, pursuant to Cal. Code. Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e).

- Confidential records of investigation that include personal information protected from disclosure, pursuant to Cal. Code. Regs. tit. §6254(f), Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1043 and 1045.

- Documents subject to self-critical analysis privilege.

Confidential "Manager's Review - First Level Use of Force Incidents" (CDC Form 3011) relating to Incident Report SAC-PSU-14-01-0016: "Battery on a Peace Officer Resulting in Use of Force (Immediate Use of Force)," completed on January 16, 2014 by C.L. Cannedy, Facility Captain.

- Confidential information that could jeopardize prison security, pursuant to Cal. Code. Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e).

- Confidential records of investigation that include personal information protected from disclosure, pursuant to Cal. Code. Regs. tit. §6254(f), Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1043 and 1045.

- Documents subject to self-critical analysis privilege.

Confidential "Manager's Review - Second Level Use of Force Incidents" (CDC Form 3012) relating to Incident Report SAC-PSU-14-01-0016: "Battery on a Peace Officer Resulting in Use of Force (Immediate Use of Force)," completed on January 22, 2014 by R. Meir, Assoc. Warden.

- Confidential information that could jeopardize prison security, pursuant to Cal. Code. Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e).

- Confidential records of investigation that include personal information protected from disclosure, pursuant to Cal. Code. Regs. tit. §6254(f), Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1043 and 1045.

- Documents subject to self-critical analysis privilege.

Confidential Supplement to Appeal/Staff Complaint SAC-P-14-00153, "Appeal/Allegation/Inquiry," completed on April 3, 2014 by Sgt. K. Blessing.

- Confidential information that could jeopardize prison security, pursuant to Cal. Code. Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e).

- Confidential records of investigation that include personal information protected from disclosure, pursuant to Cal. Code. Regs. tit. §6254(f), Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1043 and 1045.

Confidential Supplement to Appeal/Staff Complaint SAC-P-14-00153, "Notice of Interview," completed on March 19, 2014 by Sgt. K. Blessing.

- Confidential information that could jeopardize prison security, pursuant to Cal. Code. Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e).

- Confidential records of investigation that include personal information protected from disclosure, pursuant to Cal. Code. Regs. tit. §6254(f), Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1043 and 1045.

Confidential Supplement to Appeal/Staff Complaint SAC-P-14-00153, "Notice of Interview," completed on March 14, 2014 by Sgt. K. Blessing.

- Confidential information that could jeopardize prison security, pursuant to Cal. Code. Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e).

- Confidential records of investigation that include personal information protected from disclosure, pursuant to Cal. Code. Regs. tit. §6254(f), Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1043 and 1045.

ECF No. 45 at 39-43

### 4. Plaintiff's Motion to Compel

Plaintiff argues that the information sought in request number four is not confidential. He states, for instance, that the identity of the relevant inmate witness has already been disclosed to him. *Id.* at 8. Plaintiff identifies the inmate witness in question as an individual named "Hernandez" (*id.*) and he now requests: (1) Report of Findings – Inmate Interview from January 22, 2014 and the statements of all inmate witnesses, including Hernandez; (2) all investigative materials regarding the January 7, 2014 excessive force incident; and (3) all investigative materials regarding any grievances or complaints made against defendants by any inmate for excessive force at CSP-SAC. *Id.* at 11-12.

Plaintiff also disputes the applicability of the privileges identified in defendants' log. He argues, for instance, that the rationale for concealing the identities of inmate witnesses is inapplicable where those witnesses are giving favorable statements on behalf of another inmate whose rights have been violated by correctional officers. *Id.* at 12. He also raises numerous arguments regarding the applicability of the other privileges, the relevance of the documents he seeks to compel production of, and the inadequacies of the investigative procedure that followed the excessive force incident. *Id.* at 12-22. For the reasons stated in the court's ruling, *infra*, it is unnecessary to weigh these arguments at this time.

####           5.     Defendants' Opposition

In their opposition to plaintiff's motion to compel, defendants argue that the request is vague and ambiguous as to "beatings" in January of 2014 and requires them to speculate as to the categories of documents requested. ECF No. 48 at 3. They also argue that the request is overbroad insofar as it calls for documents pertaining to any injury related in January of 2014, not just the date specified by the complaint. *Id.*

Defendants also state that the request appears to seek privilege log documents (Log No. SACPSU-14-01-0016) related to confidential portions of a crime/incident report. *Id.* at 4. They state that disclosing this information could potentially compromise confidential sources and dissuade correctional officers from providing information against peers who are being investigated. *Id.* Defendants state that this information is deemed confidential pursuant to Cal. Code Regs. tit. 15, § 3321 and its disclosure could endanger the safety of staff or inmates at CDCR and jeopardize the security of the institution. *Id.*

Finally, defendants argue that the confidential information sought has little evidentiary value. They state that, even if the use of force critique determined that a defendant violated a use of force regulation, such violation would not give rise to a constitutional claim. *Id.* And defendants point to non-confidential portions of a staff complaint and attendant response as illustrative of the fact that no staff misconduct occurred. ECF No. 48-1 at 18-19.

####           6.     Analysis

As a preliminary matter, defendants' objection to this request on the basis that it requires them to speculate as to unspecified "beatings" that occurred in January 2014 is not well-taken. The relevant complaint in this action makes clear that plaintiff is referring to the alleged use of excessive force that occurred on January 7, 2014. ECF No. 1 at 5-6. Thus, this objection is overruled.

The court will uphold defendants' other objections in part. The court agrees that investigative materials regarding any grievances or complaints made against defendants by *any* inmate for excessive force at CSP-SAC is both overbroad and unlikely to lead to relevant information regarding the alleged use of force against plaintiff. However, the remaining

investigative materials regarding the January 7, 2014 use of force against plaintiff are clearly relevant to the issues underlying this case. And although defendants argue that a violation of state regulations is not dispositive of whether they violated plaintiff's constitutional rights, the court cannot say that the relevant documents would not contain or lead to discovery of any admissible evidence. Consequently, the court turns to the asserted privileges that form the crux of this dispute.

It is well established that "[t]he party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988). Accordingly, the party objecting based on a claim of privilege must make the objection and explain it "as to each record sought to allow the court to rule with specificity." *Clarke v. American Commerce Nat. Bank,* 974 F.2d 127, 129 (9th Cir. 1992) (noting that "blanket assertions of [a] privilege are extremely disfavored"); Fed. R. Civ. P. 26(b)(5). In civil rights cases brought under federal statutes, questions of privilege are resolved pursuant to federal law. *Kerr v. U.S. District Court for the Northern District of California*, 511 F.2d 192, 197 (9th Cir. 1975).

"Federal common law recognizes a qualified privilege for official information. Government personnel files are considered official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). The official information privilege exists to ensure disclosure of discoverable information without compromising the State's interest in protecting the privacy of law enforcement officials and in ensuring the efficacy of its law enforcement system. *Kelly v. City of San Jose*, 114 F.R.D. 653, 662-63 (N.D. Cal. 1987). "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995)((quoting *Kelly*, 114 F.R.D. at 661)).

Here, defendants have prepared a privilege log which identifies nine documents relevant to request number four. ECF No. 45 at 39-43. In conjunction with that log, defendants provided the affidavit of M. Lujan, a litigation coordinator at the Office of Correctional Safety. *Id.* at 45.

/////

Lujan broadly states that "CDCR maintains as confidential numerous documents that, if made publically available, would present safety and security concerns." *Id.* at 46 ¶ 3. He also declares, with respect to the specific documents which defendants have deemed privileged, that:

> The above mentioned requests for production of documents and interrogatories seek extremely broad categories of documents and information that would encompass confidential information about third-party inmates, personal personnel information about correctional staff, and documents and information relating to confidential policies and procedures that are used to maintain security and control of inmates housed at CSP-SAC. Responsive documents and information would also include documents and information related to internal CDCR investigations and reviews of CDCR officers and employees that are maintained as confidential, consistent with state statutes and regulations.

> Documents and information responsive to Mr. Fratus' broad requests include confidential investigative files and inquiries about the actions of prison employees and officers. These files are strictly maintained as confidential in order to preserve the integrity of the internal investigative process. When an inmate alleges staff misconduct, CSP-SAC conducts a confidential investigation into the matter. By maintaining the confidentiality of the investigation, inmates are encouraged to cooperate in investigations without fear of repercussions or retribution. In addition, investigators are assured of the confidential nature of the proceedings, to promote accurate reports of their findings. Confidential investigative files must also remain confidential to protect the privacy interests of complaining inmates and inmate-witnesses.

> . . .

> Responsive documents may also disclose confidential and private information, including inmate's classification scores, sexual orientation, medical or psychological conditions, or an R-suffix (indicating a sex-related offense). Inmate appeals also can include an inmate's trust-account balance or confidential attachments (e.g., probation reports, details about the inmates crimes, medical reports, etc.).

*Id.* at 47 ¶¶ 4-6.

Neither the privilege log nor Lujan's declaration meet the necessary degree of specificity which would enable the court to rule on this dispute. The privilege log amounts to little more than opaque document titles and a generalized assertion of privileges. Defendants have not made any attempt to explain how each of the asserted privileges is actually implicated by each document. And Lujan's declaration also speaks only in generalized terms, drawing no connection

8

between broadly asserted security concerns and any particular document. An adequate affidavit should properly contain: (1) an affirmation that the agency has maintained the confidentiality of the materials it refuses to disclose; (2) a statement that the affiant personally has reviewed the material in question; (3) a specific identification of the privacy interests that would be threatened by disclosure to the plaintiff; (4) a description of how disclosure pursuant to a "carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests;" and (5) a projection of the extent of harm that would befall the threatened interests if disclosure were ordered. *Kelly*, 114 F.R.D. at 670. Lujan's affidavit does not meet these standards.

By way of example, one of the documents in the privileged log – "Confidential Supplement to Appeal/Staff Complaint SAC-P-14-00153, 'Notice of Interview,' completed on March 19, 2014 by Sgt. K. Blessing" is asserted to contain information whose dissemination would risk institutional security and privacy concerns. Neither the privilege log nor Lujan's declaration explain how this is so. And neither explains why these concerns could not be allayed, at least in part, by redacting sensitive material.

Rather than ordering immediate production of all privileged material relevant to this request, the court directs defendants to provide a more detailed privilege log to both plaintiff and the court within thirty days. If defendants propose to produce any of the privileged material with redactions or withheld material, they shall submit an *in camera* explanation of the redacted or withheld information.

   B.  Request for Production Number Five

     1.  The Request

Plaintiff seeks:

> Employee personnel files kept by CDC and CSP-SAC concerning defendants and any and all investigative files on defendants reflecting grievances filed against any of them by CDC CSPSAC inmates citing use of excessive force upon any such inmate; the results of any internal investigations undertaken concerning these grievances; and the disciplinary action, if any, taken in response to the results of the investigations into inmate grievances against any of the defendants.

9

ECF No. 45 at 29.

   2.   The Response

Defendants submitted the following response:

> Defendants object to this request on the grounds that it is compound and overbroad in time and scope. Plaintiff's claims are limited to events occurring in January of 2014. Requiring Defendants to produce their entire employee files and any materials responsive to the broad requests would be unduly burdensome, considering the parties' claims and defenses, and would not be proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). The documents requested are not relevant to any claim or defense. Responsive documents would include confidential records relating to other inmates, which are protected by the privacy rights of those inmates under section 3370 of Title 15 of the California Code of Regulations, and may include information protected by the doctor-patient and psychotherapist-patient privileges.
>
> Also, the request for personnel files is overbroad and violates the privacy rights of Defendants. The personnel files requested are protected from disclosure under sections 3321 and 3450 of Title 15 of the California Code of Regulations; California Government Code section 6254(c) & (f); California Penal Code section 832.7; Internal Revenue Code section 6103; California Revenue & Taxation Code section 19542, the Health Insurance Portability and Accountability Act; and California's Confidentiality of Medical Information Act (Cal. Civ. Code § 56.10(a)). Records regarding Secretary Kernan are not relevant to any claim or defense, as he issued for injunctive relief only.
>
> Without waiving objection, and after reasonable search and inquiry, Lieutenant Cross and Officers Garland, Kernan, Porter, Telles, and Wilson have no records of disciplinary action in their possession, custody, or control that relate to the use of force on January 7, 2014. Defendants identify documents included in the Use of Force critique package, described in the privilege log, as responsive to this request.
>
> With respect to the request for documents reflecting disciplinary action taken in response to investigations of excessive-force grievances submitted by CSP-SAC inmates, no documents exist in the personnel files of Lieutenant Cross or in the files of Officers Garland, Porter, Telles, and Wilson.

*Id.* at 30.

   3.   The Privilege Log

The following documents were identified in the privilege log as relevant to this request:

> Confidential employee records of named defendants.

10

|   |   |
|---|---|
| 1 | - Confidential peace officer personnel records of which |
| 2 | disclosure is prohibited. Cal. Pen. Code §§ 832.7 and 832.8; Cal. Evid. Code §§ 1043 and 1045; Cal. Gov't Code § 6254 (c), (f). |
| 3 | |
| 4 | - Confidential information that could jeopardize prison security, pursuant to Cal. Code. Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e). |

*Id.* at 44.

### 4. Plaintiff's Motion to Compel

Plaintiff acknowledges defendants' representation that there are no documents reflecting disciplinary action taken in response to investigations of excessive-force grievances submitted by CSP-SAC inmates.[1] He states, however, that defendants ignored the request for grievances filed against these defendants that did *not* result in any disciplinary action being taken. *Id.* at 20-21. Plaintiff argues such documents would be highly relevant to a failure to supervise claim against prison command staff (i.e. warden, associate warden, etc.) which he might bring in the future. *Id.* at 21. Finally, plaintiff argues that these grievances may be relevant to "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*

### 5. Defendants' Opposition

Defendants argue that this request is overbroad as to time and scope. ECF No. 48 at 7. They also contend that the third party grievances from other inmates are irrelevant to the claims in this action. *Id.* at 8.

### 6. Analysis

The court will uphold defendants' objection as to the relevance of the third party grievances. Defendants correctly note that propensity evidence is generally not admissible in civil rights cases. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993); *see also* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). And the court is not persuaded that this information is made relevant by its potential to enable claims against supervisory individuals

---

[1] Although the request for production appears to seek defendants' entire personnel files, plaintiff has now clarified that he does not seek such broad documentation. ECF No. 45 at 20. Rather, he seeks documents "pertaining to particular kinds of complaints and allegations about these defendants . . ." *Id.* Thus, the court does not reach this portion of the request.

who are not yet parties to this action. This court set August 4, 2017 as a deadline for amendment (ECF No. 31 at 4) and sees no reason to deviate from that now expired date. Finally, the court declines to mandate disclosure of third-party grievances because, in plaintiff's words, they might contain evidence of "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." ECF No. 45 at 21. These vague categories amount to little more than idle speculation as to what might be found in other inmates' grievances. The federal rules do not favor "fishing expeditions." *See Kemp v. Ryan*, 638 F.3d 1245, 1260 (9th Cir. 2011) ("[T]he desire to engage in [an improper fishing] expedition cannot supply 'good cause' sufficient to justify discovery.")

C. Request for Production Number Seven

1. The Request

Plaintiff seeks:

> Please disclose to plaintiff each document, as the term is defined in Federal Rule of Civil Procedure 34(a)(1), that evidences, mentions, or refers to the circumstances surrounding and defendants involvement in the use of force against plaintiff on 1·7·2014.

ECF No. 45 at 31.

2. The Response

Defendants submitted the following response:

> Defendants object to this request on the grounds it is vague in its entirety, fails to state with reasonable particularity the documents sought as required under Rule 34 of the Federal Rules of Civil Procedure, lacks foundation, and is not proportional to the needs of the case because the majority of the non-privileged responsive documents are in Plaintiff's possession or readily available to him from a review of his CDCR central file. Without waiving any objection and after a reasonable search and inquiry, defendants identify the following: (1) Plaintiff's videotaped interview of January 7, 2014; (2) Rules Violation Report No. EOP-14-01-019 and related documents, produced as DEF 0042 to DEF 0046; (3) Crime/Incident Report (CDCR 837) Log No. SAC-PSU-14-01-0016 and related non-confidential staff reports, produced as DEF 0047 to DEF 0088; and (4) Inmate/Parolee Appeal Form (CDC 602) No. SAC-P 14-00153 and related non-confidential portions of the responses, produced as DEF 0090 to DEF 0103. Defendants also identify privileged documents included in the use of force critique and the confidential supplements to appeal SAC-P-14-00153, described in the privilege log and not produced.

12

*Id.* at 31-32.

### 3. The Privilege Log

The privilege log relevant to this request encompasses the same documents identified *supra* in request for production number four.

### 4. Plaintiff's Motion to Compel

Plaintiff's arguments with respect to this request encompass the same arguments identified *supra* in production number four.

### 5. Defendants' Opposition

Defendants argue that the request is vague and ambiguous as to the terms "evidences, mentions, or refers to circumstances surrounding." ECF No. 48 at 10. Defendants state, notwithstanding these objections, they have provided all relevant, non-confidential documents. *Id.*

### 6. Analysis

As with request number four, the court overrules defendants' objection that this request is vague and ambiguous. In light of the production of all non-confidential documents, the only relevant issue appears to be the documents identified in the privilege log. As noted above, the privilege log and accompanying official affidavit do not offer the level of specificity necessary to allow the court to rule on this issue. Consequently, the court directs defendants to address this request in the more detailed privilege log which they will provide to both plaintiff and the court within thirty days. And if defendants propose to produce any of the privileged material relevant to this request with redactions or portions withheld, they shall submit an *in camera* explanation of the redacted or withheld information.

## D. Request for Production Number Eleven

### 1. The Request

Plaintiff seeks:

> Any and all documents containing interviews of any inmates who witnessed the 1·7·14 use of force and/or videotape of interviews.

ECF No. 45 at 33.

### 2. The Response

Defendants submitted the following response:

> Defendants object to this request on the grounds that it is unintelligible and fails to state with reasonable particularity the documents sought as required under Federal Rule of Civil Procedure 34. In addition, the request would require Defendants to speculate regarding what others "witnessed." Without waiving any objection and after a reasonable search and inquiry, Defendants identify Sergeant Avalos's Report of Findings—Inmate Interview (CDC 3014), as listed in the privilege log, as responsive. Defendants also identify Plaintiff's videotaped interview of January 7, 2014. Counsel for Defendants made arrangements with the Litigation Coordinator at the prison where Plaintiff is incarcerated so that he could review his videotaped interview, and is informed that he has done so. For safety and security reasons, Plaintiff cannot have in his possession a compact disk containing the recording. Other than the videotaped interview of Plaintiff, no responsive videotapes exist.

*Id.* at 33-34.

### 3. The Privilege Log

The privilege log does not explicitly mention any documents pertaining to request number eleven.

### 4. Plaintiff's Motion to Compel

Plaintiff appears to seek the "Confidential 'Report of Findings – Inmate Interview' (CDC Form 3014) relating to Incident Report SAC-PSU-14-01-0016: 'Battery on a Peace Officer Resulting in Use of Force (Immediate Use of Force),' completed on January 22, 2014."

### 5. Defendants' Opposition

Defendants have deemed the foregoing document privileged as confidential information that could jeopardize prison security, pursuant to Cal. Code. Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e). ECF No. 45 at 40.

### 6. Analysis

As with defendants' other assertions of privilege, the privilege log currently provided is insufficient to allow the court to make a determination on this issue. Defendants do request that, if the court is inclined to order this document produced, it conduct an *in camera* review first. ECF No. 48 at 12. And they request that any disclosure be subject to a protective order which

redacts any sensitive information and requires plaintiff to view the document in the presence of the litigation coordinator, who shall maintain possession of the document. *Id.* Such measures appear sensible on their face, but the court is unable to make a final determination absent a more detailed privilege log.

Defendants may, in the interests of efficiency, provide a copy of the relevant document to the court for a potential *in camera* review at the time they file their new privilege log.

E. Sanctions and Costs

Plaintiff's request for sanctions and costs is denied. Plaintiff argues that defendants, acting in bad faith, caused him to miss the deadline for filing a timely motion to compel. ECF No. 45 at 24. The court has considered his motion to compel as timely (indeed, defendants note they do not object to it on that ground – ECF No. 48 at 12) and, as such, he was not prejudiced.

With respect to costs, Rule 37(a)(5)(A) provides that, if a party prevails on its motion to compel, it may move to recover reasonable expenses, including attorney's fees, incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). However, a court must not order payment of such expenses if circumstances make an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The court finds that an award of costs is not warranted in this case. Defendants were justified, at least in part, in opposing the motion (*see supra*, response number five). *See Nalco Chemical Co., v. Hydro Technologies, Inc.*, 148 F.R.D. 608, 617 (E.D. Wis., 1993) (parties appropriately bear own costs where motion to compel was only partially successful).

Conclusion

Based on the foregoing, it is ORDERED that plaintiff's motion to compel (ECF No. 45) is DENIED without prejudice as follows:

    a.    DENIED as to request for production number five;

    b.    DENIED as to sanctions and costs; and

/////

/////

/////

/////

b.    the court will DEFER ruling as to requests for production four, seven, and eleven subject to defendants' provision of a more detailed privilege log to plaintiff and to the court within thirty days, upon which the court will make a final determination.

DATED: November 1, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE